C. Yale, Jr., & Co. v. G. S. Whitmore.

A garnishee who pays over the funds attached in his hands to the Sheriff, after the return of the writ of attachment, without an order of court, or the consent of the plaintiff, does not thereby release himself from the plaintiff's claim.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J.

Emmerson & Huntington and Neville Soulé, for plaintiffs and appellants. Clark & Bayne, for garnishees and appellants.    Geo. W. Helme, for defendants.

Buchanan, J.    Plaintiffs having obtained judgment against defendant in a suit commenced by attachment, took a rule on the garnishees contradictorily with two other attaching creditors, to be paid the amount of judgment, by

YALE
*v.*
WHITMORE.

preference, out of the funds of defendant attached in the hands of the garnishees. The rule was made absolute, and judgment entered up against garnishees accordingly. The latter have taken a suspensive appeal from this judgment, and urge in this court that, since the attachment, they have paid the funds of defendant in their hands over to the Sheriff, as shown by the Sheriff's return of the writ of attachment, made some six months after the return day of the writ, and after this rule taken, although before the trial of the same. This return was not given in evidence on the trial of the rule against the garnishee, nor do we see any reason to doubt the statement of the counsel of appellees, that no mention was made of the fact until the trial of the case in this court. We are at a loss to understand why a suspensive appeal was taken by the garnishees from the judgment of the lower court upon the rule. That judgment was acquiesced in by the two other parties to the rule, the attaching creditors, who alone were interested in the contest. The position of garnishees was simply that of a stockholder; for plaintiffs had withdrawn their traverse of the garnishees' answers to interrogatories.

The case of *Brown* v. *Richardson*, 1 N. S. 210, relied upon by the appellant, is not in point. In that case, the garnishees had, previously to the judgment against them, delivered over the property attached in their hands to the defendant, by order of court, granted upon the consent of the plaintiff in attachment.

Judgment affirmed, with costs.